Daniel, J.
 

 The bill states that Elizabeth Ward died in the year 1836 — that Charles Thompson became her admin-
 
 *136
 
 — that Thompson purchased anote, which had been g'iven the plaintiff, for the sum of $100. Thompson died in the year 1838, without making a settlement with the next 0f kjn 0f k¡s jntestate — the plaintiff being one of them. The bill then charges, that there was $500 residue of the estate of Elizabeth Ward, in the hands of Thompson at his death; that the defendant, as administrator of Thompson, has obtained judgment on the said note of $100, and has issued execution on it. The plaintiff alleges in his bill, that he, as one of the next of kin of Elizabeth Word, is entitled to at least $100 out of the said assets, which are now in the hands of the defendant, as the administrator of Thompson, who was the administrator of Elizabeth Ward. The bill prays for an injunction; and also for an account of the estate of Elizabeth Ward. The defendant demurred to the bill; and for cause of demurrer, says that he, as administrator of Thompson, is not compelled to account to any person but the administrator
 
 de bonis non
 
 of Elizabeth Ward. The Judge overruled the demurrer; but consented to an appeal on that point to the Supreme Court.
 

 In
 
 Goode
 
 v Goode, (N. C. Term Reports, 255,) it was decided, that an account of the personal estate, would not be decreed in favor of the next of kin of an intestate, without making the administrator a party to the bill. This decision has uniformly been followed in this State. The administrator
 
 de bonis non
 
 of Elizabeth Ward is not a party to this bill. The judgment overruling the demurrer must therefore be reversed with costs in this court. Whether the Superior Court will continue the cause, to enable the plaintiff to obtain administration and then amend his bill, may be a question for its consideration, when the cause shall be there again called.
 

 Per Curiam, Ordered that this opinion be certified to the court below.